**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is only binding on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4091-15T1

STEPHEN LOIACONO,

    Plaintiff-Respondent,

v.

MICHAEL SALEMNE and
DOROTHY SALEMNE,

    Defendants-Appellants.

_____

        Submitted September 11, 2017 – Decided September 27, 2017

        Before Judges Accurso and Vernoia.

        On appeal from Superior Court of New Jersey,
        Law Division, Bergen County, Docket No.
        LT-000783-16.

        Santo J. Bonanno, attorney for appellants.

        Strasser & Associates, PC, attorneys for
        respondent (Conrad M. Olear, on the brief).

PER CURIAM

    This appeal arises out of defendants Michael and Dorothy

Salemne withholding two months' rent on the basis that their

downstairs neighbor was manipulating the heat in their

apartment.  Their landlord, plaintiff Stephen Loiacono, filed a

summary dispossess action, and defendants demanded a Marini[1] hearing. Following three days of testimony, Judge Rosa rejected defendants' claims and entered judgment for the landlord. In an amplified statement of reasons pursuant to R. 2:5-1(b), the judge described the dispute as a credibility contest and explained in considerable detail why he found the testimony of the landlord's witnesses credible and rejected defendant Michael Salemne's testimony.

Specifically, the judge credited the testimony of plaintiff, his wife and the first-floor tenant, all of whom testified that the temperature of all three apartments in the building was controlled by a locked thermostat in the first floor apartment set at seventy degrees.

More important to the judge's decision, however, was the testimony of the two witnesses for plaintiff not involved in the dispute. A heating contractor hired by the landlord testified he inspected the boiler and the thermostat and found both in working order. He explained that lowering or turning off the heat in the first floor would cut the heat to all three apartments as all were serviced by the same thermostat. He also testified defendants told him their heat was working fine, and

---

[1] Marini v. Ireland, 56 N.J. 130 (1970).

he saw open windows in their apartment during the winter, leading him to believe there was heat in their apartment. The basement tenant testified he had lived in the building for over two years and was never without heat.

Michael Salemme, in contrast, claimed the first-floor tenant's boyfriend, identified only as "Ray," with whom he had a contentious relationship, manipulated the heat so that there would be no heat in defendants' second floor apartment. Because heat rises, and the heating contractor found no problem with the heating system, the judge reasoned "that if the basement tenant had no problem with the heat during the same time that the second floor tenant was complaining of the [lack of] heat, either the laws of physics would be disregarded or the testimony of the defendant is not credible." The judge found no evidence to support defendants' version of events and found defendants' "poor history of paying the rent in a timely fashion" a possible motive for their having complained about the heat.

Defendants appeal, claiming the trial court's credibility findings were flawed, and that the court erred in limiting their testimony regarding their problems with Ray and refusing to admit a surreptitiously recorded conversation with the landlord in which he admitted Ray had access to the locked thermostat. We reject those arguments.

Our review of a trial court's final determination in a non-jury case is limited.  We will not disturb the judge's factual findings and legal conclusions unless convinced they are so unsupported by, or inconsistent with, the competent, relevant and reasonably credible evidence as to offend the interests of justice.  Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011).

Applying that standard, defendants have given us no cause to reject the trial court's findings here.  The judge's refusal to expand the hearing to permit defendants to further expound on their contentious relations with Ray and to admit the tape of a phone conversation not provided to plaintiff in advance of the hearing were both well within the court's broad discretion over evidentiary issues and matters relating to the conduct of trial proceedings.  See Barber v. Shop-Rite of Englewood & Assocs., Inc., 393 N.J. Super. 292, 298 (App. Div. 2007).

We are satisfied the trial court carefully considered defendants' claims and permitted them a fair opportunity to prove the lack of heat in their apartment.  We affirm the judgment in the landlord's favor, substantially for the reasons expressed by Judge Rosa in his amplified statement of reasons on the record on June 2 and 3, 2016.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4091-15T1